155 So. 94

### CITY OF BIRMINGHAM v. DAVIS.
### 6 Div. 482.

Court of Appeals of Alabama.
March 20, 1934.

Rehearing Denied May 8, 1934.

W. J. Wynn and T. A. McFarland, both of Birmingham, for appellant.

John T. Batten and James Esdale, both of Birmingham, for appellee.

SAMFORD, Judge.

Count 2 charges conversion of appellee's automobile, and count 4, as amended, charges that appellee's automobile was negligently sold.

The cause was tried on counts 2 and 4 and the plea of the general issue in short by consent, etc.

The first assignment of error raises the question as to whether the claim of appellee was properly filed with the clerk of the city of Birmingham, so as to authorize appellee to maintain this suit.

The claim filed was as follows:

"State of Alabama, Jefferson County.

"To Eunice S. Hewes, Clerk of City Commission of the City of Birmingham and to the Commissioners of the City of Birmingham:

"The said L. F. Davis, a resident citizen of the City of Birmingham, Jefferson County, Alabama, and over the age of Twenty-one (21) years, does herewith file with the Clerk of the City Commission of the City of Birmingham, Alabama a claim for damages in the sum of Five Hundred ($500.00) dollars, which said claim arose substantially as follows:

"That on or about the 22nd day of December, 1931 the City of Birmingham, through its authorized representative Thomas Garage Co., Inc., did sell or convert one Willys-Knight Coupe-Sedan automobile, Motor Number 7166 and Manufacturer's Number 6962, without the authority and against the interests of the said L. F. Davis, claimant herein.

"Your claimant further avers that the said City of Birmingham, or its agent unlawfully and wrongfully sold and converted the automobile herein described, the property of said claimant, whereby the said claimant was damaged in the sum of Five Hundred ($500.-00) dollars which amount he now claims of the City of Birmingham, a municipal corporation, and does hereby make his demand, in writing, for said sum to the Clerk of said City Commission as provided by law. To all of which the said L. F. Davis does hereby verify, under oath.

"L. F. Davis

"Sworn to and subscribed to, before me on this the 16th day of January, 1932.

"James Esdale Notary Public.
"Jas. Esdale, Attorney for Claimant."

A decision of this question depends upon whether appellee's claim is required to be filed in accordance with section 12, Gen. Acts 1915, pp. 294–298, or in accordance with section 10 of said act.

All of the authorities cited by appellant have application to claims filed under section 12 of the act, supra, but have no application to the case at bar. Neither conversion nor a negligent sale of the automobile by the defendant is a claim for "neglect or wrongful injury to personal property," within the meaning of the statute, supra. The claim as filed with the city meets the requirements of section 10 of the act, supra.

There was evidence tending to prove that the defendant through its duly authorized agents, acting within the line and scope of their authority, wrongfully converted plaintiff's automobile to its own use or that they negligently sold the same. In either event plaintiff was entitled to recover. The questions presented were for the jury.

We find no error in the record, and the judgment is affirmed.

Affirmed.